## McKendry, Appellant, v. Shannon (No. 2).

*Will—Power of sale—Widow.*

Where testator gives a farm to his wife with power to sell it and use the interest of the proceeds for her support with remainder in the farm or the proceeds thereof to a daughter, and mother and daughter after the testator's decease agree to convey and do convey all their right, title and interest in the oil and gas on the farm without any mention of the power contained in the will, for the apparent sum of $16,000, of which only $10,100 are paid, and by the terms of the agreement the mother is to receive the whole purchase money without any restriction on her control of it, the daughter after the death of her mother, as her mother's administratrix, cannot recover the $5,900 apparently unpaid, if the vendee when called by her as for cross-examination testifies that by agreement with the mother the reduction to $10,100 had been made before the execution of the deed.

Argued Nov. 4, 1901. Appeal, No. 118, Oct. T., 1901, by plaintiff, from order of C. P. No. 1, Allegheny Co., March T., 1901, No. 360, refusing to take off nonsuit in case of Elizabeth J. McKendry, Administratrix of Matilda B. Thomson, Deceased, v. P. M. Shannon. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit to recover balance of purchase money for land. Before STOWE, P. J.

The facts appear by the report of the case of McKendry v. Shannon (No. 1), ante p. 331, and by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*A. Blakeley* with him *A. C. Johnston* for appellant.—The covenant to pay a certain amount of money at a certain place is clearly collateral to the deed: Brown v. Moorhead, 8 S. & R. 568; Selden v. Williams, 9 Watts, 9; McGowan v. Bailey, 146 Pa. 572; Wilson v. Pearl, 12 Pa. Superior Ct. 66.

The doctrine of the merger of the preliminary contract does not apply, nor does any mere negligence of the vendor in mak-

ing the mistake of the settlement, preclude him from showing the true amount: Close v. Zell, 141 Pa. 390; Witbeck v. Waine, 16 N. Y. 532.

*J. M. Swearingen,* with him *W. H. S. Thomson,* for appellee.— The presumption of law is that the acceptance of a deed pursuant to articles is a satisfaction of all previous covenants: Seitzinger v. Weaver, 1 Rawle, 377; Ludwick v. Huntzinger, 5 W. & S. 51; Wilson v. McNeal, 10 Watts, 422; Jones v. Wood, 16 Pa. 25.

OPINION BY MR. JUSTICE BROWN, January 6, 1902:

Two days after the judgment of nonsuit had been entered in the preceding case, No. 117, October term 1901, this suit was brought by Elizabeth J. McKendry as administratrix of Matilda B. Thomson, for the recovery of the same sum. The material facts are the same and need not be repeated, the only difference in the present suit being that Shannon, called by the plaintiff as if under cross-examination, testified that he had paid only $10,100 of the purchase money, because he and Mrs. Thomson had agreed to such reduction before the execution of the deed. The appellant now stands upon the contract as giving the mother the right to receive the purchase money and making it the duty of Shannon to pay it to her; and it is such a contract. By the terms of her husband's will, Mrs. Thomson as his wife, was given power, in her individual capacity, to sell the farm, the interest of the proceeds to be for her support; but there is nothing in the agreement, nor in the deed, executed and delivered to Shannon in pursuance of it, to show that the grantors undertook to exercise any power contained in the will. Mother and daughter, the latter's interest a contingent one, conveyed all their right, title and interest in the oil and gas on the Thomson farm, and by the terms of the agreement the purchase money was to be paid to the mother alone, with no restriction upon her control of it. The agreement and deed cannot be read otherwise and there is nothing on the record to show that they should be. In this suit, the administratrix can recover only what the decedent could have recovered. The averment in the statement is that $5,900 of the purchase money, that ought to have been paid to Mrs. Thomson, had not been received by her; but

plaintiff's proof is different. Shannon called by her, testified that by agreement with Mrs. Thomson, who was to receive the purchase money, with no limitation upon her control of it, the reduction had been made before the execution of the deed. Such an agreement under the circumstances she could have made. Having made it and having received all she was entitled to under it, she could not, if living, recover, and her personal representative can enforce no right under the agreement which she did not have at the time of her death. The nonsuit though not entered for the reason that we have given why the plaintiff cannot recover, was nevertheless proper and the judgment is affirmed.